IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS HENRY TOALSTON, )<br>    Plaintiff, )<br>                                  )<br>v.                                   )<br>                                  )<br>BRIDGESTONE FIRESTONE )<br>NORTH AMERICAN TIRE, LLC, )<br>    Defendant. ) | Civil Action No. 3:07-00506<br>Judge Trauger/Brown |

To:  The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

       Pending before the Court is Defendant's Motion to Dismiss (Docket No. 17). The Motion seeks dismissal of this suit under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The District Judge referred this case to the Magistrate Judge under Fed.R.Civ.P. 72(b) for, among other things, a report and recommendation on all dispositive motions. (Docket No. 5). For the reasons set forth below, the Magistrate Judge concludes that Plaintiff sufficiently stated an ADA and Title VII retaliation claim but failed to sufficiently state an FLSA claim. Therefore, the Magistrate Judge recommends that Defendant's Motion to Dismiss be **GRANTED** in part and **DENIED** in part.

**I. INTRODUCTION**

       Plaintiff, an employee of Defendant proceeding pro se, brought suit against Defendant as well as various individuals in state court on April 5, 2007. (Docket No. 1). Defendant then removed the case to federal court using federal question jurisdiction under 28 U.S.C. §§ 1331 &

1

1441.¹ (Docket No. 1). Defendant noted that under the removal the federal court took on jurisdiction of any state law claims pursuant to 28 U.S.C § 1441(c). (Docket No. 1). Defendant admitted in requesting removal that Plaintiff's original complaint appeared to raise at least three federal issues: (1) employment discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000; (2) retaliation in violation of § 215 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201; and (3) a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 . (Docket No. 1). In removal, Defendant also referenced 42 U.S.C § 1981(a)

In his original complaint, Plaintiff specifically listed at least those three claims and various state law provisions. At the end of the original complaint, Plaintiff requested reasonable costs and attorneys' fees, a jury trial, and "all such other, further and general relief to which he may be entitled."

On May 31, 2007, the Magistrate Judge held a case management conference with both parties. At the hearing, Defendant suggested a Rule 12 motion may be filed following the initial complaint, but agreed that an amended complaint could be helpful. The Magistrate Judge discussed the issues with Plaintiff and concluded that he seemed to be alleging retaliation by Defendant for Plaintiff's workers' compensation claim. Furthermore, Plaintiff appeared to be alleging that Defendant failed to accommodate his injuries in violation of the ADA. The Magistrate Judge gave Plaintiff an opportunity to file an amended complaint and explained to Plaintiff what to include in the complaint to properly state a claim.

Plaintiff filed an amended complaint on June 12, 2007. On July 2, 2007, Defendant,

---

¹The individual defendants in the original complaint were dismissed, and Defendant Bridgestone Firestone is the only remaining defendant.

2

contending that Plaintiff asserted no viable legal theory and asked for no viable legal relief, filed a motion to dismiss for failure to state a claim. Defendant's brief does not discuss any of the legal theories used to remove this case to federal court; Defendant simply contends that Plaintiff asserts no legal theory whatsoever.

## II. ANALYSIS

Defendant removed this case to federal court saying Plaintiff was bringing suit for violation of at least three federal statutes. If there are no federal claims, then this case could be remanded back to the state court for resolution of the state law claims. See Harper v. AutoAlliance Intern., Inc., 392 F.3d 195, 210-11 (6th Cir. 2004). At the hearing on May 31, 2007 ("the hearing"), it appeared that Plaintiff's allegations were for retaliation after his workers' compensation claim and possibly a claim under the ADA. Defendant removed this case to federal court based on various federal claims and then filed a Motion to Dismiss for failure to state any claim at all. For the reasons stated below, the Magistrate Judge concludes that the case should proceed because Plaintiff has in fact stated federal claims for ADA discrimination and Title VII retaliation.

### A. STANDARD OF REVIEW

Complaints must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a "short and plain statement of the claim showing that the pleader is entitled to relief" and (3) a "demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). Technical forms of pleadings are not required, and pleadings shall be construed so as to do substantial justice. Fed.R.Civ.P. 8(e)-(f). The Supreme Court adopted a liberal notice pleading requirement to focus litigation on the merits of a claim. Swierkiewicz v. Sorema N. A., 534 U.S.

3

Case 3:07-cv-00506   Document 21   Filed 08/09/07   Page 3 of 11 PageID #: 73

506, 514 (2002).

When considering a motion to dismiss for failure to state a claim, the court should not grant the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Buchanan v. Apfel, 249 F.3d 485, 488 (6th Cir. 2001) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Failure to identify a right, privilege or immunity that was violated merits dismissal of the cause of action for failure to state a claim. Codd v. Brown, 949 F.2d 879, 882 (6th Cir. 1991).

Complaints filed by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the courts are not willing to "abrogate basic pleading essentials." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Furthermore, the courts "should not have to guess at the nature of the claim asserted." Id. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

### B. POTENTIAL CLAIMS

Because Plaintiff's complaint is not entirely clear and Defendant made no effort to analyze the suit in terms of the claims used to remove this case or the claims discussed at the hearing, the Magistrate Judge considered Plaintiff's allegations in light of the federal claims Defendant cited to remove this case to federal court. Noting that Plaintiff was forewarned that criminal statutes would not apply in this civil action, the Magistrate Judge disregarded the criminal statutes cited by Plaintiff in his brief. For the reasons stated below, the Magistrate Judge concludes that Plaintiff sufficiently alleged ADA discrimination and Title VII retaliation

4

claims but failed to state a claim under the FLSA.

### 1. ADA Discrimination Claim

"No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112. To establish a prima facie case of discrimination under the ADA, Plaintiff must show (1) that he is disabled, (2) that he otherwise qualified for the job, with or without reasonable accommodation, (3) that he suffered an adverse employment action, and (4) that he suffered this adverse employment action under circumstances giving rise to an inference of unlawful discrimination. McPherson v. Federal Express Corp., No. 06-5042, 2007 WL 2050853, at *3 (6th Cir. July 13, 2007).

A disability is defined by statute as a physical or mental impairment that substantially limits one or more of the major life activities of such individual, a record of such impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(2). "The standard qualifying as 'disabled' is 'demanding' and courts must interpret strictly the terms 'major life activities' and 'substantially limits' in making the disability determination." McPherson, 2007 WL 2050853, at *3 (citations omitted).

In Clark v. Harber, the 6th Circuit upheld the dismissal of an ADA discrimination action for failure to state a claim because "plaintiff cited nothing that rises to the level of a disability under the ADA." 53 F.App'x 325, 326 (6th Cir. 2002). However, the Supreme Court said that "whether a person has a disability under the ADA is an individualized inquiry." Sutton v. United Airlines, Inc., 527 U.S. 471, 483 (1999).

In this case, Plaintiff alleges that he had a documented physical problem of which Defendant was fully aware. (Am. Compl. ¶ 4). Plaintiff contends that the discriminatory actions

by Defendant occurred after the filing and in the midst of his workers' compensation claim. (See id. ¶¶ 1, 6). Plaintiff also alleges that Defendant was forcing him, with a disability, out of his employment. (Id.) Plaintiff further alleges that Defendant discriminated against Plaintiff by giving certain workers privileges which were denied to Plaintiff. (Id. ¶ 6). Admitting he had certain physical restrictions, Plaintiff alleges that he was willing to return to work within those restrictions. (Id. ¶¶ 7-10). He claims he was willing and in fact even did work at least once as a fork lift operator. (Id.)

The Magistrate Judge concludes that Plaintiff has minimally stated a claim for discrimination under the ADA. Considering the elements necessary for this claim, Plaintiff, either explicitly or implicitly, alleged (1) that he has a physical injury (which he refers to as a disability), the nature of which Defendant is aware due to the workers' compensation claim, (2) that as a former employee and willing worker he was qualified for certain restricted jobs, (3) that he suffered adverse employment actions by way of loss of privilege and opportunity, and (4) that, because these alleged discriminatory events took place in the midst of his injury and workers' compensation claim, there could be an inference of unlawful discrimination.

Holding Plaintiff to a less stringent pleading standard because he is pro se, the Magistrate Judge concludes that Plaintiff sufficiently alleged all the elements, including a disability, required for an ADA discrimination claim. Though it is unclear the extent of Plaintiff's physical limitations and the major life activity that is substantially affected, Plaintiff has at least alleged that he has some disability. He also sufficiently alleged facts to meet the other elements. Though this decision has no bearing on the merits of the case, the Magistrate Judge concludes, based only on the pleadings, that Plaintiff has at least alleged the necessary elements whereby he

6

could prove some set of facts supporting his complaints which would entitle him to relief.

### 2. Title VII Retaliation Claim

The Magistrate Judge notes that Plaintiff appears to be bringing a Title VII retaliation claim and not a Title VII discrimination claim. This conclusion is strengthened by comments from Plaintiff at the hearing agreeing that he intended a Title VII retaliation claim for filing a workers' compensation claim. Also, Plaintiff has not alleged in his complaint that he exhausted all of the necessary administrative remedies to bring a Title VII discrimination claim. See Granderson v. Univ. of Mich., 211 F.App'x 398, 400 (6th Cir. 2006) (stating that only the "proper exhaustion of administrative remedies gives the Title VII plaintiff the green light to bring an employment discrimination claim in court."). Therefore, Plaintiff would be barred from bringing such a claim. The Magistrate Judge reviews any potential Title VII claim as a retaliation claim for filing a workers' compensation claim.

To establish a retaliation claim under Title VII, Plaintiff must show (1) that he engaged in a protected activity, (2) that Defendant was aware of this protected action, (3) that thereafter Defendant took adverse employment action against Plaintiff, and (4) that there was a causal connection between the protected activity and the adverse employment action. Plumb v. Potter, 212 F.App'x 472, 482 (6th Cir. 2007). 42 U.S.C. § 2000e-3(a) states that it is unlawful for employers to discriminate against employees for opposing "any practice made an unlawful employment practice by this subchapter."

The 6th Circuit, after outlining the requirements of a prima facie case of retaliatory discharge, said that "[i]t is undisputed that [plaintiff] engaged in protected activity by filing a workers' compensation claim." Thornton v. Denny's Inc., No. 92-1368, 1993 WL 137078, at *3

7

(6th Cir. Apr. 29, 1993).

However, the Magistrate Judge also found various cases from other jurisdictions holding that filing a workers' compensation claim is *not* a protected activity as contemplated under the first prong of the Title VII retaliation analysis. See <u>Jimenez v. Potter</u>, 211 F.App'x 289, 290 (5th Cir. 2006) (stating that only activities listed under Title VII are protected from retaliation and seeking workers' compensation is not one of them), <u>Bielek v. Allegheny Ludlum Corp.</u>, No. 2:04-CV-1910, 2006 WL 2773487, at *17 (W.D. Pa. Sept. 22, 2006), <u>Brown v. Colgate-Palmolive Co.</u>, No. 104CV0782DFHWTL, 2006 WL 517684, at *17 (S.D. Ind. Mar. 2, 2006), and <u>Russell v. Strick Corp.</u>, No. 97-806, 1997 WL 381584, at *4 (E.D. Pa. July 9, 1997) (holding that testifying in a workers' compensation hearing was not participation in a protected activity). While the Magistrate Judge takes note of these other jurisdictions, this case falls within the jurisdiction of the 6th Circuit. Therefore, the Magistrate Judge believes based on <u>Thornton</u> that Plaintiff satisfied the first prong of the Title VII retaliation analysis by alleging that he engaged in the protected activity of filing for workers' compensation.

Plaintiff also successfully alleged elements (2)-(4): (2) that Defendant was allegedly aware of the workers' compensation claim, (3) that Defendant discriminated against Plaintiff after the workers' compensation claim, and (4) that the timing and seniority of Plaintiff infer that there is a causal connection between the claim and the discrimination. As with the ADA claim, this result draws no conclusion as to the strength of the claim. The Magistrate Judge simply concludes that based on the pleadings Plaintiff successfully alleged the necessary elements of a Title VII retaliation claim.

### 3. FLSA Claim

Without specifically arguing the claim, Plaintiff generally cites § 215 of the FLSA as a retaliation claim. Under the Act, it is unlawful for an employer to discharge or discriminate against an employee because the employee "has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). The problem is that Plaintiff does not allege that he filed or brought about any proceedings under the FLSA. Furthermore, even if this suit were viewed as an enforcement of an FLSA right, the discrimination and retaliation alleged by Plaintiff occurred before the filing of this suit.

Plaintiff cites § 215 of the FLSA but fails to further identify any specific violation of it other than "retaliation." Without more clarity from the pleading, the Magistrate Judge will go no further in "guess[ing] at the nature of the claim asserted." See Wells, 891 F.2d at 594. Therefore, Plaintiff failed to state a claim under FLSA § 215.

### 4. PRAYER FOR RELIEF

Defendant contends that Plaintiff failed to request any viable legal relief. Defendant cites Plaintiff's Amended Complaint which says that he is pursuing the matter "not for monetary gain, but of principle issue and concern for my fellow workers." (Am. Compl. ¶ 10). While Plaintiff may only bring suit on his own behalf, this prayer for relief must be read in context. In the original complaint, Plaintiff specifically requested reasonable costs and attorneys fees as well as "all such other, further and general relief to which he may be entitled." (Compl. § 4, ¶¶ 2, 4). The Magistrate Judge interprets Plaintiff's comment about not suing for monetary gain as simply a note to the Court that he did not intend this as a frivolous lawsuit seeking a windfall. The Magistrate Judge concludes that in asking for costs other general relief Plaintiff did indeed seek

9

appropriate relief.[2]

**C. CONCLUSION**

The Magistrate Judge gave Plaintiff clear instructions and a second opportunity to submit a properly pled complaint. While Plaintiff's Amended Complaint still does not set forth the claims in such a manner as to be easily deciphered, Defendant removed this case to federal court on the basis of various federal claims and now argues that Plaintiff in fact made no claims at all. Taking into account the posture of this case as well as the complaint and the amended complaint, the Magistrate Judge concludes that Plaintiff has sufficiently stated a claim to move this case beyond the pleadings.[3]

It being unclear what other claims, state or federal, Plaintiff may have intended, the Magistrate Judge concludes that the Court need not go any further in "guess[ing] at the nature of the claim asserted." See Wells, 891 F.2d at 594. The Magistrate Judge concludes that, because Plaintiff sufficiently alleged ADA and Title VII retaliation claims, this suit survives Defendant's Motion to Dismiss for failure to state any claim at all.

**III. RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that Defendant's Motion to Dismiss be **GRANTED** in part and **DENIED** in part. The Magistrate Judge recommends that Plaintiff's ADA and Title VII retaliation claims be allowed to stand while the FLSA claim be dismissed.

---

[2] While a prevailing pro se litigant may be entitled to costs, the Magistrate Judge notes that pro se litigants are not entitled to attorney's fees. Wright v. Cromwell, 674 F.2d 521, 521 (6th Cir. 1982).

[3] This conclusion has no bearing on the strength or weakness of the merits of this case for future motions.

10

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 145 (1985).

ENTERED this 8th day of August 2007.

_____
JOE B. BROWN
United States Magistrate Judge