UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DOUGLAS HENRY TOALSTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:07-00506 |
| | ) | Judge Brown |
| **BRIDGESTONE FIRESTONE NORTH AMERICA, LLC,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

**To: The Honorable Aleta A. Trauger, United States District Judge**

## REPORT AND RECOMMENDATION

For the reasons explained below, the undersigned **RECOMMENDS** that the defendant's motion for summary judgment (Docket Entry No. 37) be **GRANTED** as to the plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Title VII) and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. (ADA), that the plaintiff's claim under 42 U.S.C. § 1981 be **DISMISSED** for failure to state a claim on which relief may be granted, and that the plaintiff's state law claims be **REMANDED** to the Rutherford County Circuit Court for want of jurisdiction.

### I. INTRODUCTION
### AND
### BACKGROUND

The plaintiff originally filed this action in the Rutherford County Circuit Court on April 5, 2007. (Docket Entry No. 1, Attach. Complaint) On May 5, 2007, the defendants – then five in number – filed a notice of removal. (Docket Entry No. 1) The original defendants removed the case to the district court because, in addition to the plaintiff's claims under state law, the plaintiff alleged claims under Title VII, the ADA, § 1981, and the Fair Labor Standards Act (FLSA) of 1938, 29

U.S.C. § 201, *et seq*.  (Docket Entry No. 1, ¶ 4, p. 2)

This action was referred to the undersigned on May 14, 2007 for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), case management, decisions on all pretrial, nondispositive motions, a report and recommendation (R&R) on all dispositive motions, and to conduct other necessary proceedings under Rule 72, Fed. R. Civ. P.  (Docket Entry No. 5)  Although the Order of referral directed that a frivolity review be conducted, one was not conducted because this action was not brought before the Court *in forma pauperis*.  (Docket Entry No. 14, p. 2)  Therefore, § 1915 did not apply.

On May 15, 2007, Michael Chaney, one of the original five defendants, filed a motion to dismiss (Docket Entry No. 6), arguing, in part, that the plaintiff had failed to state a claim (Docket Entry No. 7).  During the initial case management conference on May 31, 2007, Chaney's motion to dismiss was "terminated as moot" after the plaintiff admitted "that it was not his intent to sue the individual employees of Bridgestone/Firestone," and the plaintiff was permitted to file an amended complaint against Bridgestone-Firestone.  (Docket Entry No. 14, p. 1)

The plaintiff filed his amended complaint on June 12, 2007.  (Docket Entry No. 16)  Thereafter, on July 2, 2007, the defendant filed a motion to dismiss (Docket Entry No. 17), arguing that the plaintiff had failed to identify any viable legal theory, or any right, privilege, or immunity that had been violated.  (Docket Entry No. 18, pp. 2-3)  In the subsequent R&R, the undersigned recommended that the plaintiff's claim under the FLSA be dismissed, but that his Title VII and ADA claims be permitted to continue.  (Docket Entry No. 21, ¶ II.C, p. 10)  The District Judge accepted the R&R on September 27, 2007. (Docket Entry No. 25)

When it later became apparent that the plaintiff had not exhausted his federal claims in the Equal Employment Opportunity Commission (EEOC), the defendant moved on January 8, 2008 to stay the proceedings "until Plaintiff notifie[d] the Court that he ha[d] received a Notice of Right to

Sue on the Charge of Discrimination which he ha[d] . . . filed." (Docket Entry No. 33, p. 1) The defendant attached to its motion a copy of a Charge of Discrimination that the plaintiff had filed in the EEOC on October 22, 2007 – more than five and one-half months after this action had been removed to the district court. (Docket Entry No. 33, Attach. Chg. dtd. Oct. 22, 2007)

Following a telephone conference in which defense counsel advised the undersigned "that they . . . had received a copy of the Plaintiff's right to sue letter," the undersigned entered an Order terminating the stay as moot, giving the defendant until February 25, 2008 to file a motion for summary judgment, and the plaintiff twenty-eight (28) days after that to file his response. (Docket Entry No. 36, p. 1) On February 25, 2008, the defendant filed a motion for summary judgment, supporting memorandum of law, a statement of undisputed facts, and supporting exhibits. (Docket Entry No. 37-40) The plaintiff filed a response (Docket Entry No. 42-44), the defendant a reply (Docket Entry No. 45), and the plaintiff a surreply (Docket Entry No. 46).

## II. ANALYSIS

Summary Judgment is appropriate only where "there is no genuine issue as to any material fact . . . and the moving party is entitled to summary judgment as a matter of law." Rule 56(c), Fed. R. Civ. P., *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Newman v. Federal Express Corp.*, 266 F.3d 401, 404-05 (6th Cir. 2001). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Id*. at 249-50. Inferences from underlying facts "must be viewed in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.

3

2001), *cert. denied*, 534 U.S. 896 (2001).

In considering whether summary judgment is appropriate, the court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon County*, 203 F.3d 426, 431 (6th Cir. 2000), *cert. denied*, 531 U.S. 875 (2000). If there is a genuine issue of material fact" then summary judgment should be denied. *Id*. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001)(quoting *Celotex Corp.*, 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings. *Banks v. Wolfe County Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003)(citing *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990). At the summary judgment stage, a plaintiff must adduce either direct or circumstantial evidence to prevail. *See DiCarlo v. Potter,* 358 F.3d 408, 414 (6th Cir. 2004). In other words, to defeat summary judgment, the party opposing the motion "must present 'affirmative evidence' to support his/her position; a mere 'scintilla of evidence' is insufficient." *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003)(quoting *Anderson*, 477 U.S. at 252).

### A. Plaintiff's Claims Under Title VII and the ADA

4

### 1. Exhaustion

The defendant argues that, "[a]t the time Plaintiff filed this lawsuit, and even when he was initially deposed, Plaintiff had not filed a Charge of Discrimination" in the EEOC pertaining to his Title VII and ADA claims. (Docket Entry No. 38, ¶¶ I.A, IIA, pp. 9, 15; No. 39, ¶ 28, p. 9) The defendant argues that the plaintiff's Title VII and ADA claims are time-barred. (Docket Entry No. 38, ¶¶ I.A, II.A, pp. 8-10, 15; No. 45, ¶¶ I-II, pp. 2-5)

The plaintiff acknowledges that he did not file a charge of discrimination in the EEOC until October 22, 2007. (Docket Entry No. 42, pp. 2, 14; No. 43, Ex. 24) The record also shows that his right-to-sue notice was issued by the EEOC on October 29, 2007. (Docket Entry No. 43, Ex. 26) It can be concluded from the record, therefore, that the plaintiff both initiated and concluded his action in the EEOC during the pendency of this action.

The law is well established that exhaustion of administrative remedies is a condition precedent in a Title VII or ADA action. *See Zipes*, 455 U.S. at 392-98 (Title VII); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir.2000)(ADA), *cert. denied*, 533 U.S. 951 (2001). The Sixth Circuit has held, however, that receipt of the right-to-sue notice during the pendency of an action in district court may cure the defect in a suit that was commenced without first having obtained the required right-to-sue notice. *See Portis v. Ohio*, 141 F.3d 632, 634-635 (6th Cir. 1998)(citing *Williams v. Washington Metropolitan Area Transit Authority*, 721 F.2d 1412, 1481 n. 12 (D.C.Cir. 1983))(both cases collecting cases).

The Sixth Circuit predicated its opinion in *Portis* on the fact that the plaintiff's right-to-sue notice was received prior to the defendant filing a motion to dismiss on grounds that the plaintiff in that case had failed to exhaust his remedies in the EEOC. *Id.* Inasmuch as the petitioner received his right-to-sue notice on October 29, 2007, and given that the defendant did not file a dispositive

5

motion alleging failure to exhaust until February 25, 2008, the undersigned concludes that the defect was cured as provided in *Portis*. The next question is whether the plaintiff's claims are time-barred as the defendant argues.

To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *See* 42 U.S.C. § 2000e-5(e). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. See 42 U.S.C. § 2000e-5(f)(1). Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). However, these time limits do not constitute a jurisdictional prerequisite to filing suit; they are subject to waiver, estoppel, and equitable tolling. *See Zipes*, 455 U.S. at 393.

It is not readily apparent from the record whether the plaintiff sought relief in the Tennessee Human Rights Commission (THRC) prior to filing his complaint in the Rutherford County Circuit Court. However, inasmuch as the defendant invokes the 300-day statute of limitations (Docket Entry No. 38, ¶¶ I.A, II.A, pp. 8-9, 15), the undersigned assumes that he did. The defendant does not challenge the plaintiff's action in the THRC as untimely, therefore, the undersigned concludes that it was timely.

The plaintiff's claims before this Court fall into two broad categories: those that gave rise to his original action in the Rutherford County Circuit Court, and the retaliation claim that arose on June 1, 2007 subsequent to filing that lawsuit. As to the first category, in arguing that the claims that gave rise to the plaintiff's action in state court are now time-barred, the defendant neglects to mention that the plaintiff had no need to exhaust his remedies in the EEOC to pursue his action in state court. It also is worth repeating that the original defendants – not the plaintiff – removed this action under

6

28 U.S.C. §§ 1331, 1441, and 1446, having "made no effort to analyze the suit in terms of the claims used to remove this case . . . to federal court" (Docket Entry No. 21, p. 4).

It is difficult not to wonder from the record of these proceedings if, having removed the plaintiff's case from state court where exhaustion in the EEOC was not required to a venue in which it is, defense counsel is attempting to play "gotcha" with the plaintiff on the issue of timeliness. Even if not a legal slight of hand, intentional or otherwise, the effect of the removal – rendering exhaustion of those claims in the EEOC untimely – warrants tolling the statute of limitations with respect to those claims in the first category for equitable reasons.

As to the plaintiff's June 1, 2007 retaliation claim, given that the plaintiff filed his charge of discrimination on October 22, 2007, the plaintiff sought relief in the EEOC one hundred forty-two (142) days after the date of the alleged retaliatory action – well within the 180-day time frame required for him to do so. Using the same reasoning that the Sixth Circuit applied in *Portis*, the undersigned concludes that the plaintiff's retaliation claim, although exhausted during the pendency of this lawsuit, is properly before the Court. The undersigned further concludes that the plaintiff's retaliation claim is reasonably related to, and could be construed as having grown from, his other claims. Therefore, the plaintiff's retaliation claim is properly before the Court for this reason as well. *See Jones v. Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000)(citing *Davis v. Sodesxho*, 157 F.3d 460, 464 (6th Cir. 1998).

For the reasons explained above, the undersigned recommends that the Court find that the plaintiff's Title VII and ADA are not barred on procedural grounds or for reasons of timeliness. The undersigned turns next to an analysis of the plaintiff's Title VII and ADA Claims.

## 2. Analysis of the Plaintiff's Title VII Claims

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to

7

his compensation, terms, conditions, or privileges of employment because of . . . race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The plaintiff does not allege that the defendant discriminated against him because of his race, color, religion, sex, or national origin. Threefore, the only possible Title VII claim available to the plaintiff is a claim of retaliation.

To establish a *prima facie* case of retaliation under Title VII, the plaintiff must prove that: 1) he was engaged in activity protected by Title VII; 2) his exercise of protected rights was known to the defendants; 3) the defendant thereafter took an action that was "materially adverse" to the plaintiff, or plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; 4) there was a causal connection between the protected activity and the adverse employment action or harassment. *See Hawkins v. Anheuser-Busch, Inc.*, __ F.3d __, 2008 WL 423442 at * 19 (6th Cir. 2008); *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000); *Morris v. Oldham County Fiscal Court,* 201 F.3d 784, 792 (6th Cir. 2000).

Title VII prohibits an employer from retaliating against an employee who has "opposed" any practice by an employer made unlawful under Title VII. It also prohibits retaliation against an employee who has "participated" in any manner in an investigation under Title VII. 42 U.S.C. § 2000e-3(a). These two provisions are known as the "opposition clause" and the "participation clause." *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000), *cert. denied*, 531 U.S. 121 S.Ct. 657 (2000). The language of § 20002-a(3) is to be read literally. *Booker v. Brown and Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1313 & n. 3 (6th Cir. 1989).

To establish a retaliation claim under the "participation clause," the plaintiff must show that alleged retaliatory action occurred "because he filed a claim with the EEOC." *Johnson*, F.3d 215 F.3d at 581. The record is clear that the plaintiff did not seek relief in the EEOC until October 22, 2007, well after any of the alleged events that gave rise to this action. Consequently, the

8

"participation clause" is inapplicable. Any activity by the plaintiff "prior to the instigation of statutory proceedings [in the EEOC] is to be considered pursuant to the opposition clause." *Booker*, 879 F.2d at 1313; *see Holden v. Owens-Illinois, Inc.*, 793 F.2d 745, 748 (6th Cir. 1986).

The "opposition clause" "prohibits . . . retaliation against an employee because the employee has opposed any practice made an unlawful employment practice" by Title VII. *Holden*, 793 F.2d 749 (internal quotation marks omitted). The types of activities that constitute a claim under the "opposition clause" include: "complaining to anyone . . . about allegedly unlawful practices; refusing to obey an order because the worker thinks it is unlawful under Title VII, and opposing unlawful acts by persons other than the employer – *e.g.*, former employers, union, and co-workers." *Johnson*, 215 F.3d at 579. The gist of the "opposition clause" "demands active, consistent 'opposing' activities to warrant protect against retaliation." *Bell v. Safety Grooving and Grinding, LP*, 107 Fed.Appx. 607, 610 (6th Cir. 2004). "[F]ederal courts . . . generally grant[] less protection for opposition than for participation in enforcement proceedings. *Booker*, 879 F.2d at 1312.

Unlawful employment practices under Title VII are defined those actions that discriminate based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. There is nothing in the record of these proceedings from which even an inference can be drawn that the defendant retaliated against the defendant because the plaintiff opposed any discriminatory conduct attributable to the defendant involving race, color, religion, sex, or national origin. Consequently, the "opposition clause" also is inapplicable to the plaintiff's retaliation claim.

Because the plaintiff's retaliation claim does not fall under either the "participation clause" or the "opposition clause," he has failed to state a cause of action under Title VII for retaliation. *Booker*, 879 F.2d at 1313-1314. Accordingly, the defendant is entitled to summary judgment on this issue as a matter of law.

9

## 3. Plaintiff's ADA Claims

The ADA prohibits covered entities from discriminating against qualified individuals with a disability. 42 U.S.C. § 12112(a). To state a claim under the ADA, the plaintiff must demonstrate that: 1) he is a disabled person within the meaning of the ADA; 2) that he is qualified to perform the essential functions of his job with or without reasonable accommodation; and 3) that he suffered an adverse employment decision because of his disability. *McKay v. Toyota Motor Mfg., U.S.A., Inc.*, 110 F.3d 369, 371 (6th Cir.1997). Proof of disability is a threshold requirement in proving a violation of the ADA. *Burns v. Coca-Cola Enterprises, Inc.*, 222 F.3d 247, 253 (6th Cir. 2000).

The ADA defines disability" as "a physical impairment that substantially limits one or more of the major life activities . . . ." 42 U.S.C. § 12102(2). The phrase "'[m]ajor life activities' . . . refers to those activities that are of central importance to daily life," such as "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii); *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002). The major life activity of "working" is treated as a residual category resorted to only when a plaintiff cannot show that he is substantial impaired in any other more concrete major life activity. *Mahon v. Crowell*, 295 F.3d 585, 591 (6th Cir. 2002)(citing *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 492 (1999)).

In his deposition, the plaintiff described his condition as "a form of neuropathy"[1] which required surgery. (Docket Entry No. 40-8 & 9, pp. 101, 103) The Rutherford County Circuit Court awarded the plaintiff twenty percent (20%) disability for his right arm. (Docket Entry No. 43-2, p. 22) Having been awarded 20% disability, the next question is whether the plaintiff's disability

---

[1] Neuropathy is a "functional disturbance or pathological change in the peripheral nervous system . . . ." *Dorland's Illustrated Medical Dictionary* 1287, 31st ed. 2007.

10

substantially limits one or more of life's major activities within the meaning of the ADA.

At his deposition, the plaintiff testified that he is disabled because he had "gone through surgery on [his] elbow that has made it so that [he is] unable to handle vibrating tools, weight restrictions . . . things that [he] can't do that [he] once was able to do." (Docket Entry No. 40-8, pp. 100-101) The plaintiff went on to testify that:

> I can't handle a weedeater. I've got a big yard. I can't handle a chain saw. I've got 25 mature trees around my yard. If that happens, I've got to pay for something [*sic*] to do it. I can't operate a hedge trimmer. I'm in question as to whether I should work on a car or a boat motor or things I've always tried to be – and things that were handyman-oriented and fix it myself, do-it-myself kind of things.

(Docket Entry No. 40-8, p. 101) Notwithstanding the foregoing, when asked if he had any limitations in caring for himself, the plaintiff responded "No." (Docket Entry No. 40-8, p. 102) Comparing his post-surgical condition with his pre-surgical condition, the plaintiff testified further that "I can do what I'm told to do in accordance with the restrictions that Dr. Hazlewood had originally laid out . . . [and] I'm not experiencing . . . pain while doing it." (Docket Entry No. 40-9, p. 105)

"Merely having an 'impairment' does not make one disabled for purposes of the ADA." *Toyota Motor Mfg.*, 534 U.S. 195. "An impairment that only moderately . . . prevents an individual from performing major life activities is not a substantial limitation' under the ADA." *Bryson v. Regis Corp.*, 498 F.3d 561, 576 (6th Cir. 2007)(quoting *Mahon*, 295 F.3d at 590-591. It is apparent from the plaintiff's deposition, and clear from the record before the Court, that the plaintiff does not have a physical impairment that substantially limits any of life's core activities. The next question is whether the plaintiff has established that he is substantially limited in the context of working.

When working is the major life activity at issue, the phrase "'substantially limits' requires, at a minimum, that the plaintiff[] allege that [he is] unable to work in a broad class of jobs." *Sutton*,

11

527 U.S. at 491. In *Sutton*, the United States Supreme Court held further that:

> To be substantially limited in the major life activity of working . . . one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills . . . are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

*Id*. at 492. In other words, "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Moorer v. Baptist Memorial Health Care System*, 398 F.3d 469 (6th Cir. 2005)(citing 29 C.F.R. § 1630.2(j)(3)(1)).

The plaintiff presently works for the defendant as a "dope trucker," one of "several different trucking positions" that he had held previously as a Bridgestone-Firestone employee. (Docket Entry No. 40-8, pp. 55-56) Given his present job, any "impairment" that the plaintiff may have in his ability to work cannot be said to prevent him from working a broad range jobs. Consequently, the plaintiff is not substantially limited in the life activity of working. *See McKay, Inc.*, 110 F.3d at 373 (holding that plaintiff's carpal tunnel syndrome, which only prevented her from performing a narrow range of assembly-line jobs, was not an impairment that substantially limited her general ability to work); *Mahon*, 295 F.3d at 591-92 (holding that plaintiff's back problems did not substantially limit his ability to work in a broad class of jobs); *Black v. Roadway Express, Inc.*, 297 F.3d 445, 454-55 (6th Cir.2002)(holding that plaintiff's knee injury did not prevent him from performing a broad class of truck driving jobs); *Jasany v. United States Postal Service*, 755 F.2d 1244, 1250 (6th Cir.1985)(holding that plaintiff was not substantially limited in life activity of working where plaintiff's eye impairment, although a permanent one which prevented him from performing functions of a postal distribution clerk, did not interfere with his ability to work other jobs).

As reasoned above, the plaintiff has failed to make the threshold showing that he is disabled

12

within the meaning of the ADA. Accordingly, the defendant is entitled to summary judgment as a matter of law on this claim.

## B. Plaintiff's Claim Under 42 U.S.C. § 1981

In his original complaint, the plaintiff alleged retaliation under § 1981. Although the defendants addressed the plaintiff's retaliation claim under Title VII, the plaintiff's § 1981 claim appears to have been overlooked during the course of these proceedings. However, because the relevant elements required to establish a claim under § 1981 have been established in the context of the plaintiff's Title VII claim, the undersigned will address the plaintiff's § 1981 claim anyway.

Title 42 U.S.C. § 1981 prohibits racial discrimination in the making, performance, modification, and termination of employment contracts. *Id.* at § (b). To prevail under § 1981, a plaintiff must prove purposeful discrimination. *General Building Contractors Assn., Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). *See Jackson v. RKO Bottlers of Toledo, Inc.*, 743 F.2d 370, 378 (6th Cir. 1984). The framework for establishing purposeful discrimination is set forth in *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981) and *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989)( overruled on other grounds by the Civil Rights Act of 1991 § 101, 42 U.S.C. § 1981). The *Burdine/McDonnel* formula has been adapted to claims under § 1981. *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). To establish a *prima facie* case of retaliation under § 1981, the plaintiff must show that: 1) he is a member of a protected class; 2) he enforced or exercised a specific contract right; 3) he was subject to an adverse employment action; 4) there is a causal link between both plaintiff's enforcement or exercise of the contract right and plaintiff's race. *Id.* at 581, 582.

As previously discussed, *supra* at p. 8, the plaintiff has not alleged that he was retaliated against because of his race. Neither has he established that he is a member of a protected class.

13

Accordingly, the plaintiff's claim under § 1981 should be dismissed for failure to state a claim on which relief may be granted.

### C.  The Plaintiff's Remaining Claims

The defendant argues that this action is the plaintiff's "continued attempt to relitigate his worker's compensation lawsuit . . . ." (Docket Entry No. 38, p. 2)  The undersigned concurs that the plaintiff's remaining claims under state law pertain to his worker's compensation case.  Under 28 U.S.C. § 1445, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." *Id*. at § (c).  Because the plaintiff's remaining claims relate to his workers' compensation case, the plaintiff's state-law claims should be remanded to the Rutherford County Circuit Court for want of jurisdiction.

### III.  RECOMMENDATION

For the reasons explained above, the undersigned **RECOMMENDS** that the defendant's motion for summary judgment (Docket Entry No. 37) be **GRANTED** as to the plaintiff's claims under Title VII and the ADA, that the plaintiff's claim under § 1981 be **DISMISSED** for failure to state a claim on which relief may be granted, and that the plaintiff's state law claims be **REMANDED** to the Rutherford County Circuit Court for want of jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein.  Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation.

*Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

    **ENTERED** this the 17th day of April, 2008.

                                                                Joe B. Brown
                                                                Magistrate Judge